UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00184-02 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| LACOYA WASHINGTON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Defendants Tyrone Smith ("Smith") and Lacoya Washington ("Washington") were indicted on one count of sex trafficking a minor in violation of 18 U.S.C. § 1591. See Record Document 1. Smith was also indicted on one count of enticing a minor to travel in interstate commerce to engage in illegal sexual activity in violation of 18 U.S.C. § 2422. See id. The matter is set for jury trial on July 11, 2016.

Now before the Court is a Motion to Sever Trial (Record Document 52) filed by Washington. She argues that her level of involvement in the alleged crime is minimal, particularly compared to that of Smith. She believes she is at risk for being punished for the alleged illegal acts of Smith. In the motion, defense counsel also notes that Washington intends to testify at trial, which could provide damaging evidence against Smith and "result in a swearing match between the two defendants." Record Document 52-1 at 3. Washington maintains that the cumulative effect of the circumstances set forth above is unfair prejudice and "to avoid the spillover effect and any [S]ixth [A]mendment challenges," she requests a severance under Federal Rule of Criminal Procedure 14(a). Id.

The Government has opposed the motion, arguing the Washington's claims of

spillover and disparity in evidence lack merit and do not justify severance under Rule 14(a). See Record Document 59. The Government also contends that Washington is not entitled to a severance simply because she may suffer from inconsistent or antagonistic defenses of her codefendant. She must show more than antagonistic defenses, namely that the defenses are mutually exclusive and irreconcilable. Finally, the Government maintains that any argument of unfair prejudice is mere speculation at this stage.

**Rule 14(a) Standard**

Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." F.R.Cr.P. 14(a). "Mutually antagonistic defenses are not prejudicial *per se*." Zafiro v. U.S., 506 U.S. 534, 538, 113 S.Ct. 933, 938 (1993). Severance under Rule 14(a) is not required even if prejudice is shown. See id. at 538-539. Instead, "the tailoring of the relief to be granted, if any," is left to the sound discretion of the district court. Id. at 539. "When defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Id. The Zafiro court went on to explain:

> Such a risk might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant. For example, evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty. When many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened. . . . The risk of prejudice

> will vary with the facts in each case, and district courts may find prejudice in situations not discussed here. When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.

Id.

**Analysis**

The instant motion was filed in April 2016. Since that time, Smith is proceeding pro se. See Record Document 71. As evidenced by Smith's failure to participate in the pretrial conference, the unruly conduct of Smith is a new issue this Court must consider in the context of Washington's request for a severance. See Record Document 87. In determining whether to sever Washington from Smith, this Court " must balance potential prejudice to [Washington] against the public interest in joint trials where the case against each defendant arises from the same general transaction." U.S. v. Simmons, 374 F.3d 313, 317 (5th Cir. 2004). Here, the Court finds that the grounds set forth in Washington's motion, along with Smith's pro se representation, demonstrate clear, specific and compelling prejudice that necessitates a severance. See id. This Court believes that it will be unable to afford protection to Washington in the absence of severance. See id. The prejudice created by "spill-over" is heightened in this case, as the most incriminating evidence pertains to Smith and his propensity for outbursts and disruption, as evidenced in the May 26, 2016 hearing and the June 9, 2016 pretrial conference, will likely carry over into the trial of this matter. No jury instruction can cure this risk of prejudice. Accordingly, Washington's Motion to Sever Trial (Record Document 52) is **GRANTED**.

**IT IS SO ORDERED.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 14th day of June, 2016.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE