**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

UNITED STATES OF AMERICA          CRIMINAL ACTION NO. 15-00184-02

VERSUS                            JUDGE S. MAURICE HICKS, JR.

LACOYA WASHINGTON                 MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is Defendant Lacoya Washington's ("Washington") Motion for Compassionate Release (Record Document 437). The Government filed an opposition (Record Document 441). Washington then filed a Supplemental Memorandum in Support of her Motion (Record Document 444). For the reasons set forth below, Washington's Motion is **DENIED**.

**FACTUAL BACKGROUND**

On July 27, 2016, following a bench trial, Washington was found guilty of Human Trafficking pursuant to 18 U.S.C. § 1591. See Record Document 441 at 1–2. On January 9, 2017, the Court sentenced Washington to 292 months of imprisonment, followed by five years of supervised release. See Record Document 199. Washington's projected release date is March 22, 2037. See Record Document 441 at 2.

At the time of her incarceration, Washington had four children who were subsequently cared for by Washington's mother, Sherri Washington. See Record Document 437-1 at 3. On February 20, 2025, Washington's mother died in a house fire, which also destroyed the family home. See id. Washington represents that this loss created substantial hardship for her children, who have since been residing together. See

id. The record reflects that Defendant's children are now ages 27, 20, 18, and 11. See Record Document 441 at 2.

In Washington's supplemental memorandum, she represents that her oldest daughter, Sherpatrick Washington, had been serving as the primary caregiver for the minor child. See Record Document 444 at 1. However, on August 3, 2025, Sherpatrick was murdered. See id. Washington contends that, in light of these events, her remaining children, particularly her minor child, require her presence and support. Washington also emphasizes that while incarcerated, she has maintained a clean disciplinary record and has participated in numerous rehabilitative programs. See id. at 2.

## LAW AND ANALYSIS

### I.    Applicable Standards

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

> (1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
>
> (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
>
> (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Here, Washington moves to modify her sentence under 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent

2

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

## II.    Analysis

Washington primarily relies on family circumstances to establish extraordinary and compelling reasons for release. Specifically, Washington points to the death of her mother, who had been the caregiver for her children, and the subsequent murder of her adult daughter, who had assumed the caregiving responsibilities. The Court does not minimize the tragic nature of these events. The loss of both Washington's mother and daughter is undeniably devastating, and the Court is sympathetic to the hardship faced by Washington's family.

However, the applicable policy statement provides that family circumstances may constitute extraordinary and compelling reasons only in limited circumstances, including where the defendant is the only available caregiver for a minor child. See U.S.S.G. § 1B1.13(b)(3). Here, the record does not establish that Washington is the only available caregiver for her minor child.

Although Washington's oldest daughter had been serving as the caregiver prior to her death, the record reflects that another adult child (Lakyra, Washington's 20-year-old daughter) remains available to assist in caregiving. See Record Document 444 at 1. Moreover, Washington has not demonstrated that alternative caregiving arrangements are unavailable or that no other family member or suitable individual can provide care. Additionally, while Washington's rehabilitative efforts are commendable, rehabilitation alone does not constitute an extraordinary and compelling reason for release.

3

Accordingly, the Court finds that Washington has not established extraordinary and compelling reasons warranting a reduction in her sentence.

Even if Washington had demonstrated extraordinary and compelling reasons, the Court would deny relief after considering the factors set forth in 18 U.S.C. § 3553(a). Washington was convicted of a serious offense involving the exploitation of a minor. The record reflects that Washington played an active role in facilitating the offense conduct, including providing housing, transportation, and guidance in connection with the victim's exploitation. See Record Document 441 at 1–2.

The Court imposed a sentence of 292 months of imprisonment, and Washington has only served approximately nine years of that sentence. See id. at 2. Reducing Washington's sentence to the 15-year statutory minimum, as requested, would result in a significant reduction that would not adequately reflect the seriousness of the offense, promote respect for the law, or provide just punishment. Nor would such a reduction adequately deter criminal conduct or protect the public.

Accordingly, the § 3553(a) factors weigh strongly against granting compassionate release.

**CONCLUSION**

Based on the reasons explained above, Washington's Motion for Compassionate Release (Record Document 437) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 9th day of April, 2026.

_____
JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT